Francis X. Conlon, J.
Defendant, Fred Astaire Dance Studios Corporation, moves for summary judgment dismissing the complaint. Plaintiff has alleged five causes of action in fraud in connection with five contracts for dance lessons made by the plaintiff with the defendant’s licensee. The sixth cause of action is in rescission. The application is based on the contention that the licensee is not authorized to and at no time acted as the agent of the defendant in any manner which could bind it or render it liable to the plaintiff with respect to the transactions in suit.
The affidavit on behalf of the plaintiff is made by her attorney and is wholly argumentative. He urges that while no agency relationship may be created by the agreements between and among the licensees and sublicensees, nevertheless those agreements create a relationship in the eyes of the public and more particularly the plaintiff. The denials made by the defendant are based on facts solely within its knowledge and many of which are not available to the public or to the plaintiff. It is clear the facts solely in the knowledge of the defendant could not have persuaded action on the part of the plaintiff and such facts which are not exclusively in the knowledge of the defendant which may *90 have persuaded tho plain tiff to act have not been nppoificd by the plaintiff or by any pornon having knowledge of the facts. Tho plaintiff’s cause is made to rest entirely on the fact of the licensed use of the name Fred Astaire.
Plaintiff argues further that the question is whether defendant had placed plaintiff’s contracting party in tho position in which the public and the plaintiff could reasonably infer that her contracting party was acting as the agent for the defendant and this question can be determined only by showing the acts as the plaintiff was exposed to them. Plaintiff has failed to make affidavit of any of the acts on which she claims to rely which created the alleged appearance of agency.
Finally, plaintiff requests that she be permitted to prove these facts but that she be not required to do so prior to trial. The time is now for the assembling of the facts to demonstrate the existence of merit to the complaint.
The motion is granted and the complaint is dismissed.